UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT L. DAVIS,[1]

    Plaintiff,

v.                          CASE NO. 8:26-cv-824-JLB-LSG

JUDGE STEPHEN M. WHYTE, *et al.*,

    Defendants.
_____/

## <u>ORDER OF DISMISSAL</u>

Mr. Davis, a Florida pretrial detainee, initiated this action *pro se* by filing a civil rights complaint (Doc. 1).   He also filed a motion (Doc. 2), in which he requests to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Section 1915(g) provides:

(g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Complaint names three others as co-plaintiffs.   (Doc. 1 at 1–2).   The Court notes that it recently dismissed a complaint in another case brought by Mr. Davis and the three other co-plaintiffs, each asserting claims.   *See Jackson, et al., v. Whyte, et al.*, Case No. 8:26-cv-152-JLB-AAS (M.D. Fla.).   However, because the allegations of the instant Complaint pertain solely to Mr. Davis (*see* Doc. 1 at 6–13), the Court construes the Complaint as brought solely by Mr. Davis.

1

28 U.S.C. § 1915(g).

Mr. Davis's prior actions dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted include: (1) *Davis v. Murphy, et al.*, Case No. 8:99-cv-1048-SDM-MAP (M.D. Fla.); (2) *Davis v. Henderson, et al.*, Case No. 8:95-cv-661-SDM (M.D. Fla.); (3) *Davis v. Henderson,* Case No. 97-2743 (11th Cir.) (appeal from Case No. 8:95-cv-661-SDM); and (4) *Davis v. Holt, et al.,* Case No. 8:21-cv-1628-MSS-SPF (M.D. Fla.).   Because Mr. Davis has had at least three prior dismissals that qualify under Section 1915(g) and alleges no facts showing he is in imminent danger of serious physical injury at the hands of the Defendants, he may not proceed *in forma pauperis*.[2]   Mr. Davis may initiate a new civil rights case by filing a civil rights complaint and paying the full filing fee.

Accordingly, it is ORDERED that:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff

---

[2] Because Mr. Davis has at least three strikes, he cannot proceed *in forma pauperis* unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to Section 1915(g).   *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017).   He asserts that he is in imminent danger of serious physical injury because jail officials have failed to treat his mental health issues and cancer.   (Doc. 2).   But those assertions neither relate to any of the named Defendants, nor the claims Mr. Davis raises in his Complaint. Thus, Mr. Davis fails to satisfy the imminent danger exception to Section 1915(g) because the assertions of lack of medical treatment are "too attenuated from the crux of the complaint." *See Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020). *See also, Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[Section 1915(g)] requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.").

filing a new complaint in a new case with a new case number upon paying the filing fee.

2. The construed motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. The Clerk is **DIRECTED to close the case**.

DONE and ORDERED in Tampa, Florida, on April 2, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

3